9335/JAD
CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR
61 BROADWAY, SUITE 3000
NEW YORK, NEW YORK 10006
212-344-7042
*Attorneys for Tian Rong Logistics*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL INSURANCE COMPANY and EAGLE QUEST INTERNATIONAL, LTD.<br><br>                                                        Plaintiff<br>-against-<br><br>M/V CMA-CGM MARLIN, her engines, boilers, tackle, etc., TIANRONG LOGISTICS, LTD., AMERASIA 3 SNC and CMA SHIPS UK LTD.<br><br>                                                        Defendants<br>--------------------------------------------------------<br>TIAN RONG LOGISTICS, LTD.<br><br>                            Defendant/Third Party Plaintiff<br>-against-<br><br>CMA-CGM S.A. and CMA-CGM (AMERICA) LLC.<br>                                         Third Party Defendants | **09 cv 1409 (Daniels)**<br>**ECF**<br><br>**MEMORADUM OF LAW IN SUPPORT OF TIAN RONG LOGISTICS' MOTION TO DISMISS THE PLAINTIFFS' COMPLAINT ON THE BASIS OF A MANDAORY FORUM SELECTION CLAUSE** |

## INTRODUCTION

This Memorandum of Law is submitted on behalf of Defendant Tian Rong Logistics in support of its motion to dismiss the complaint on the basis of the contractual forum selection clause requiring that disputes be determined by the U.S. District Court for the State of California. This motion is supported by the declarations of the undersigned and of John Chu and the exhibits annexed thereto.

1

## UNDISPUTED FACTS

Plaintiff filed a complaint (Exh. 1 to DeVivo Declaration) in the Southern District of New York on February 17, 2009 which in very general terms alleged that "counterweights" transported from Qingdao, China to Los Angeles, California on the vessel CMA CGM MARLIN pursuant to bill of lading contract TRLIQDBER0801009 dated January 25, 2008 were damaged. Admiralty and Maritime jurisdiction was alleged with respect to the carriage of goods by water. The final destination for the cargo was Berea, Kentucky. Plaintiff has since asserted that the alleged damage occurred during a storm at sea. As such, the Carriage of Goods By Sea Act ("COGSA") is controlling.[1] Tian Rong filed an answer to the complaint and preserved its forum clause as an (fifth) affirmative defense. (Exh. 2 to DeVivo Declaration)

Plaintiff is a commercially sophisticated insurance company with representation and is presumed to be familiar with the existence and enforceability of contractual forum selection clauses. Tian Rong Logistics is a non vessel operating common carrier (NVOCC)[2] located in Los Angeles, California.

The subject shipment was transported pursuant to bill of lading contract TRLIQDBER0801009. The forum selection clause on the front side of said bill of lading is entitled "LAW AND JURISDICTION" and provides as follows:

> The Contract evidence by or contained in this Bill of Lading shall be governed by the law of the United States of America and any claim or dispute arising hereunder or in connection herewith shall (without prejudice to the Carriers right to

---

[1] COGSA is the United States Carriage of Goods By Sea Act, 46 U.S.C. 30701 Note. By its own terms, COGSA applies *ex proprio vigore* from the time when the goods are loaded on to the ship to the time they are discharged from the ship. 46 U.S.C. 30701 Note

[2] As defined by federal statute, an NVOCC is "a common carrier that does not operate the vessel by which the ocean transportation is provided, and is a shipper in its relationship with an ocean carrier." 46 U.S.C. App. 1702(17)(B).

2

>commence proceedings in any other jurisdiction) be determined by the U.S. District Court for the State of California.

There is nothing obscure about the forum selection clause. Plaintiff was required to file the claim in any of the U.S. District Courts in California. Instead, plaintiff ignored the mandatory forum selection clause and filed suit in New York.

## THIS COURT HAS INHERENT POWER TO ENFORCE A CONTRACTUAL FORUM SELECTION CLAUSE AND NEED NOT RELY ON ANY PROCEDURAL RULE

The instant motion is not made under any particular procedural rule or statute. Rather, it is based on the Court's inherent power to enforce a contractual forum selection clause. *Licensed Practical Nurses v. Ulysses Cruises Inc.*, 131 F. Supp. 2d 393, 407-409 (S.D.N.Y. 2000) ("many…decisions treat the entire matter not as one for a procedural motion addressed to venue at all, but simply as a decision to enforce the agreement of the parties as written").

Indeed, the Second Circuit has said there is no particular rule or statute which fits a motion to enforce a forum selection clause:

>[t]here is no easy answer to the enforcement procedure question because there is no existing mechanism with which forum selection enforcement is a perfect fit. *See*, Patrick J. Borchers, *Forum Selection Agreements in the Federal Courts after Carnival Cruise: A Proposal For Congressional Reform*, 67 Wash.L.Rev. 55 (1992) (recommending a comprehensive federal statute that would streamline enforcement procedures and standards).

*Man B&W Diesel v. New Moon Shipping,* 121 F. 3d 24, 29 (2nd Cir. 1997). [3]  See also, *Asoma Corp .v. SK Shipping Co., Ltd.* 467 F.3d 817 *822, (C.A.2 (N.Y.), 2006).

---

[3] In addition to the article cited by the Second Circuit in *New Moon*, there has been considerable academic discussion that a motion to enforce a forum clause does not fit with any Federal Rule of Civil Procedure or the federal venue statutes. In this regard, we respectfully refer the Court to two articles dealing specifically

3

Judges of this court have regularly enforced forum clauses in bills of lading without relying on or pointing to any procedural rule or statute. *See, e.g., La Fondiaria v. Ocean World Lines,* 2002 WL 31812639 (S.D.N.Y. 2002); *Street, Sound Around Electronics v. M/V ROYAL CONTAINER,* 30 F. Supp. 2d 661 (S.D.N.Y. 1999); *Stemcor USA, Inc. v. Golden Management Co. Ltd.,* 2001 WL 111293 (S.D.N.Y. 2001); *Macsteel International v. M/V SPAR TWO,* 2002 WL 472018 (S.D.N.Y. 2002).[4]

## ARGUMENT

### I. FORUM SELECTION CLAUSES IN MARITIME CONTRACTS ARE PRESUMPTIVELY ENFORCEABLE

The basic law concerning the enforceability of forum selection clauses was established in *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972), in which the U.S. Supreme Court held that forum selection clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances. Unreasonableness potentially exists only where: (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape the enforcement will, for all practical purposes, be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum

---

with forum selection clause motions in maritime cases: M. Davies, *Forum Selection Clauses in Maritime Cases*, 27 Tulane Maritime Law Journal 367 (2003); G. Staring, *Forgotten Equity: The Enforcement of Forum Clauses*, 30 Journal of Maritime Law and Commerce 405 (1999).

[4] It should be noted that the U.S. Supreme Court's decision in *Stewart Organization Inc. v Ricoh Corporation*, 487, U.S. 22 (1988) is not applicable here. *Stewart* was a diversity case in which a motion to transfer based upon a forum selection clause was made under 28 U.S.C. 1404(a). The Supreme Court held that since the movant invoked section 1404(a), the forum clause was merely one of the 1404(a) factors to be considered in deciding to transfer the case to another U.S. district court. *Stewart* has no application here since Tian Rong's motion is not made under 28 U.S.C. 1404(a) and since the holding in *Stewart* was expressly limited to diversity actions, whereas plaintiff's complaint in the instant action falls under Admiralty and Maritime jurisdiction. In admiralty cases, the controlling standard is *Bremen* (see below).

selection clause would contravene a strong public policy of the forum state. *Roby v. Corp. of Lloyds*, 996 F. 2d 1353, 1363 (2nd Cir. 1993). The burden is squarely on the party seeking to avoid enforcement to show that the clause is unreasonable for one of these enumerated reasons.

## II. FORUM CLAUSES IN BILLS OF LADING ARE ROUTINELY ENFORCED

U.S. courts have routinely enforced forum selection clauses in ocean bills of lading. The following is a sampling of the many S.D.N.Y. decisions which have enforced forum clauses in bills of lading:

> *Asoma Corp. v. M/V SOUTHGATE*, 2000 AMC 399, 1999 WL 1115190 (S.D.N.Y. 1999).
>
> *Jockey International v. M/V LEVERKRUSEN EXPRESS*, 217 F. Supp. 2d 447 (S.D.N.Y. 2002).
>
> *TMC Co. Ltd. v. M/V MOSEL BRIDGE*, 2002 AMC 2355, 2002 WL 1880722 (S.D.N.Y. 2002).
>
> *Far Eastern Antiques v. M/V CHO YANG SUCCESS*, 2002 WL 1313308 (S.D.N.Y. 2002).
>
> *LPR, SRL v. Challenger Overseas*, 2000 AMC 2887, 2000 WL 973748 (S.D.N.Y. 2000).
>
> *Abrar Surgery (PVT) Ltd. v. M/V JOLLY ORO*, 2000 AMC 109, 1999 WL 295003 (S.D.N.Y. 1999).
>
> *New York Marine & General Ins. Co. v. M/V ADMIRALENGRACHT*, 1999 AMC 1647, 1999 WL 253628 (S.D.N.Y. 1999).
>
> *Reed & Barton v. M/V TOKIO EXPRESS*, 1999 AMC 1088, 1999 WL 92608 (S.D.N.Y. 1999).
>
> *Chiyoda Fire & Marine Ins. Co. v. M/V HYUNDAI FREEDOM*, 1999 AMC 1603, 1999 WL 694019 (S.D.N.Y. 1999).

>*Street Sound Around Electronics v. M/V ROYAL CONTAINER*, 30 F. Supp. 2d 661 (S.D.N.Y. 1999).
>
>*Vigilant Ins. Co. v. NYK Line*, 1998 WL 391116 (S.D.N.Y. 1998).
>
>*Macsteel International v. M/V SPAR TWO*, 2002 WL 472018 (S.D.N.Y. 2002).
>
>*Hyundai Corporation USA v. M/V AN LONG JIANG*, 1998 AMC 854, 1998 WL 13835, (S.D.N.Y. 1998).
>
>*International Marine Underwriters v. M/V KASIF KALKAVAN*, 989 F. Supp. 498 (S.D.N.Y. 1998).
>
>*Stemcor USA v. Golden Management*, 2001 WL 111293 (S.D.N.Y. 2001).

### III. PLAINTIFF HAS ADMITTED THAT TIAN RONG'S FORUM SELECTION CLAUSE GOVERNS

Plaintiff's sued under the Tian Rong bill of lading. It is well settled that when a party brings suit for damage to a shipment under the terms of a bill of lading, that party consents to all of conditions of the bill of lading. *A.P. Moller-Maersk A/S v. Ocean Express Miami* 550 F.Supp.2d 454 (S.D.N.Y. 2008) citing *All Pacific Trading Inc. v. M/V Hanjin Yosu,* 7 F.3d 1427, 1432 *(9th Cir.1993), (* "[a]t the very least, plaintiff's initiation of this suit constituted acceptance of the terms of the ... bills of lading"*). cert. denied,* 510 U.S. 1194, 114 S.Ct. 1301, 127 L.Ed.2d 653 (1994); *Mitsui & Co. (USA), Inc. v. MIRA M/V,* 111 F.3d 33, 36 (5th Cir.1997) ("the district court did not err in determining that, by filing a lawsuit for damages under the bill of lading, [the shipper] has accepted the terms of the bill of lading, including the unnegotiated forum selection clause"); *F.D. Import & Export Corp. v. M/V REEFER SUN,* 248 F.Supp.2d 240, 248 (S.D.N.Y.2002) (holding that terms of bill of lading apply to shipper where it brings suit thereunder); *Farrell Lines Inc. v. Columbus Cello-Poly Corp.,* 32 F.Supp.2d 118, 125 (S.D.N.Y.1997) (same) *aff'd*

6

sub nom *Farrell Lines Inc. v. Ceres Terminals Inc.,* 161 F.3d 115 (2d Cir.1998); *Kanematsu Corp. v. M/V GRETCHEN W,* 897 F.Supp. 1314, 1317 (D.Or.1995) (same).

Plaintiff accepted the terms of the bill of lading and should have sued in one of the District Courts of California rather than New York.  This was an obvious mistake for a commercially sophisticated plaintiff with representation.

## CONCLUSION

The motion to dismiss should be granted.

Dated: January 7, 2010
       New York, New York

          Respectfully submitted,

          CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR, LLP
          *Attorneys for Tian Rong Logistics*

          **By:   S/ Jessica DeVivo**

          61 Broadway, Suite 3000
          New York, NY 10006
          Telephone: (212) 344-7042 x228
          Telefax: (212) 344-7285
          jdevivo@cckvt.com

**CC:  Via ECF and US Mail**
      Kingsley  Kingsley and Calkins
      91 West Cherry Street
      Hicksville, NY 11801
      516-931-0064

      Charles Murphy
      Lennon, Murphy & Lennon, LLC
      The Gray Bar Building, 420 Lexington Avenue, Ste 300
      New York, NY  10170
      P (212) 490-6050 / F (212) 490-6070